IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENCORE MEDICAL, L.P., <br> Plaintiff/Counterclaim <br> Defendant, | ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. 3:12-58 |
| v. | ) <br> ) | JUDGE KIM R. GIBSON |
| JAY KENNEDY, D.C., <br> Defendant/Counterclaimant, | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | |
| GEOFFREY MISCOE; MIR-COM <br> PRODUCTS, LLC; BRYANNE <br> ENTERPRISES, INC.; and MIG <br> RUNNER, LLC, *a/k/a "MRP,"* <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

## ORDER OF COURT

**NOW,** upon consideration of the pending motions in limine filed in this case,

**IT IS HEREBY ORDERED** as follows:

1. Kennedy's motion in limine to resolve contractual ambiguity before trial (ECF No. 156) is **DENIED**.[1]

---

[1] Styled as a motion in limine, Defendant Kennedy asks for a bifurcated trial. Bifurcation of issues is a "matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Innovative Office Products, Inc. v. Spaceco, Inc.*, CIV.A. 05-04037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006). The moving party must demonstrate that bifurcation "would serve judicial economy, avoid inconvenience, and not prejudice any of the parties." *Id.* (citation omitted). Defendant Kennedy asks the Court to bifurcate the trial and determine when the covenant not to compete began to run as to the term "Machine" in the contract. If ambiguity remains after the application of "established rules of construction," the meaning of the contractual language becomes a question of fact appropriate for resolution by a jury. *Planters Gin Co. v. Federal Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 890 (Tenn. 2002). Dr. Kennedy raised the same issues in his motion for summary judgment (ECF No. 89 at 11,

2. Kennedy's motion to preclude the testimony of Attorney David Weaver (ECF No. 158) is **GRANTED**.

3. Kennedy's motion in limine to bifurcate trial is **DENIED**.[2]

4. With respect to the omnibus motions in limine (ECF No. 163) filed by the Miscoe Defendants,

    i. The request to preclude reference to Kennedy's purported ownership in Mir-Com Products is **GRANTED IN PART** and **DENIED IN PART**. Encore shall not refer to Kennedy being an owner of Mir-Com Products, LLC; however, Encore will be permitted to introduce evidence of the financial dealings between Kennedy and Mir-Com Products, LLC, including the fact that Kennedy invested in Mir-Com Products, LLC.[3]

    ii. The request to prohibit references to content from websites not owned, created, or controlled by Defendants is **DENIED**;[4] and

---

17). The Court found that summary judgment was inappropriate given that "[t]he contractual language could reasonably be read to measure the noncompetition covenant by reference to 'the term of th[e] Agreement' as a whole rather than by reference to the 'initial portion' of that term." (ECF No. 116 at 26). Having previously found that the contractual language is ambiguous, the Court will deny Kennedy's bifurcation request because the issue is properly reserved for a jury.

[2] The Court will deny this motion for the reasons noted in note 1, *supra*.

[3] The Court finds that evidence of the financial dealings between Kennedy and Mir-Com Products, LLC is highly relevant to issues in this case.

[4] This evidence is relevant and potentially admissible to the extent Encore can establish that Dr. Kennedy and/or the Miscoe Defendants exert some control or influence over the websites at issue.

        iii. The request to preclude any reference to the Kennedy Decompression Technique is **DENIED**.[5]

5. Encore's motion in limine to exclude evidence of the Minnesota incident (ECF No. 167) is **GRANTED**.[6]

6. Encore's motion to exclude emails and evidence of Encore's motive (ECF No. 169) is **GRANTED**.[7]

BY THE COURT:

January 15, 2014

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Court will deny the request to preclude any reference to the Kennedy Decompression Technique Course. The evidence is potentially relevant to the extent that Dr. Kennedy's activities in teaching the course resulted in a breach of contract with Encore. However, counsel may not refer to KDT Kennedy Decompression Technique Course as "Kennedy Seminars," "Kennedy's Seminars," or make any reference suggesting that Dr. Kennedy owns the Kennedy Decompression Technique Course. The Court agrees with the Miscoe Defendants that such terminology is both confusing and misleading given that Mir-Com Products, LLC owns the trademark and rights to the KDT Decompression Technique, not Dr. Kennedy.

[6] The incident appears somewhat relevant to the issue of damages. Nevertheless, excluding this evidence is warranted because the probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403; *see also Goodman v. Pennsylvania Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002) ("[T]he . . . prejudice against which the law guards [is] . . . *unfair* prejudice— . . . prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found.") (citation omitted). Furthermore, the prejudice created by this evidence could not be cured through a limiting instruction to the jury.

[7] Defendants have failed to show that these emails are relevant. To the extent the emails are marginally relevant, the content is inflammatory and unfairly prejudicial to Encore in that the evidence is likely to lead a jury to decide issues on an improper basis. *See* Fed. R. Evid. 403 advisory committee's note (defining "unfair prejudice").